United States District Court
Southern District of Texas

**ENTERED**
May 12, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **DILARA DOKUYUCU,** | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:26-CV-107 |
| | § | |
| **WARDEN ORLANDO PEREZ, *et al.*,** | § | |
| Respondents. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Dilara Dokuyucu's Petition for a Writ of Habeas Corpus, (Dkt. No. 1), and Respondents' Response to Petitioner's Writ of Habeas Corpus and Motion to Dismiss and, Alternatively, Motion for Summary Judgment, (Dkt. No. 10). The petition alleges that Petitioner's continued detention in federal immigration custody is unconstitutional. (Dkt. No. 1). The primary issue before the Court is whether there is a significant likelihood that Petitioner's removal from the United States will occur in the reasonably foreseeable future. For the reasons discussed below, the motion for summary judgment will be **DENIED**, and the petition will be **GRANTED in part and STAYED in part**.

## I.   BACKGROUND

Petitioner is a native and citizen of Turkey. She alleges that she fled Turkey and entered the United States after she and her family were targeted for being members of a perceived political opposition group. (Dkt. No. 1 at 6). She entered the country unlawfully in November 2024 and was apprehended and placed in removal proceedings under 8 U.S.C. § 1229(a). (Dkt. No. 1 at 7). She is being held in federal custody at the Laredo Processing Center in Laredo, Texas.

According to Supervisory Detention and Deportation Officer Juan Garza, who reviewed Petitioner's A file and other records associated with Petitioner's removal proceedings and submitted a declaration regarding this case, Petitioner entered the

United States on November 3, 2024, and has been detained in the Laredo Processing Center since November 9, 2024. (Dkt. No. 10-2 at 1–2). Garza states that on November 4, 2024, Customs and Border Control encountered Petitioner and placed her in expedited removal proceedings under Immigration and Nationality Act (INA) 235(b)(1), 8 U.S.C. § 1225(b)(1). (*Id.* at 2). On November 21, 2024, Petitioner expressed fear of returning to her country of origin, and on December 13, 2025, United States Citizenship and Immigration Services (USCIS) issued a negative credible fear decision. (*Id.*). On December 19, 2024, an immigration judge overturned the USCIS's negative credible fear determination. (*Id.*). On June 24, 2025, an Immigration Judge denied her request for asylum, ordered her removed, and simultaneously granted withholding of removal to Turkey. (*Id.*; Dkt. No. 1 at 6–7).

Garza further states that on October 3, 2025, Enforcement and Removal Operations (ERO) commenced Petitioner's custody review process by serving her a Notice to Alien of File Custody Review. (Dkt. No. 10-2 at 2). On October 31, 2025, ERO served the Petitioner a copy of the Decision to Continue Detention Letter. (*Id.*). On November 3, 2025, ERO sent Form I-241 request for Acceptance of Alien to the Consulate Offices of Panama, Costa Rica, and Belize, but each country declined to accept Petitioner for removal. (*Id.* at 3). Garza represents that, as of February 6, 2026, ERO has Petitioner's valid and unexpired Turkish passport and is actively working to secure a third country removal. (*Id.* at 3). To date, the record does not reflect that any country has indicated a willingness to accept Petitioner's removal.

Petitioner has been detained for longer than the six-month presumptively reasonable time after under *Zadvydas*. Petitioner claims that: (1) her indefinite detention violates the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a)(6); (2) her indefinite detention violates her constitutional rights under the Due Process Clause; and (3) removal to a third country without the opportunity to assert a fear-based challenge would violate her due process rights. (Dkt. No. 1 at 15–17). Among other things, she seeks immediate release; a declaration that her detention violates due process; and an order directing that Respondents must provide 10 days' notice regarding what third country to which they may remove Petitioner and assurances by that country that it will not refoul Petitioner back to Turkey. (*Id.* at 17).

Respondents move to dismiss and for summary judgment, contending that Petitioner's removal to a third country is likely in the reasonably foreseeable future. As noted above, there is no evidence in the record that any country has communicated that they will accept Petitioner's removal as of the date of this Order.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss the action based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Williams v. Wynne,* 533 F.3d 360, 365 n. 2 (5th Cir. 2008). The party invoking federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Hartford Ins. Group v. Lou–Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002).

### B.   Rule 56 Motion for Summary Judgment

A "court shall grant summary judgment if the movant shows that there is no genuine dispute of any material fact, and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must consider the record to determine whether a genuine dispute exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). However, the Court must view the facts in the light most favorable to the nonmoving party. *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019).

### C.   28 U.S.C. Section 2241

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687

(2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005).

### III.　DISCUSSION

As a preliminary matter, the Court will not consider Petitioner's third-country removal claim because it is premature. Therefore, the Court will **STAY** her third-country removal claim for disposition at a later date.

Two claims remain in her petition, both asserting that she is entitled to release because she is indefinitely detained. (Dkt. No. 1 at 15–16). Respondents move to dismiss and for summary judgment, asserting that this Court "lacks jurisdiction to review Petitioner's due process claims because they are inextricably intertwined with ICE's unreviewable authority to execute a final order of removal" and that Petitioner's detention is lawful under 8 U.S.C. § 1231. (Dkt. No. 10 at 6, 8–10).

To the extent that Respondents' motion to dismiss and for summary judgment challenges Petitioner's claims regarding her present detention, the Court has jurisdiction to determine whether Petitioner's present detention is indefinite in violation of due process. *See Zadvydas*, 533 U.S. at 687 ("We note at the outset that the primary federal habeas statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear these cases.").

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. at 699. As the Court explained, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

The Supreme Court further explained that "[w]hen an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody." *Id.*

at 682. Inadmissible noncitizens or those with certain criminal convictions may be detained beyond the removal period, 8 U.S.C. § 1231(a)(6), but the Court held that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States," and "does not permit indefinite detention." *Id.* at 689. The Court established a "6-month presumption" of reasonableness following the issuance of a removal order. *Id.* at 701. After the six-month period of "presumptively reasonable" detention ends, a petitioner seeking release from detention must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*; *see also Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) (denying a *Zadvydas* claim where petitioner offers "nothing beyond conclusory statements"). Once a petitioner meets her burden, the burden shifts to the respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Here, Petitioner's post-removal-order detention began, for purposes of the *Zadvydas* analysis, on July 25, 2025, when her order of removal became final because neither party appealed the ruling. (Dkt. No. 10-2 at 2; 8 C.F.R. § 1241.1(c)). Accordingly, Petitioner has now been detained after a final order of removal for over nine months. Thus, the six-month period of "presumptively reasonable" detention under *Zadvydas* has ended.

Petitioner must next show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

## A. Petitioner Meets Her Burden

Petitioner has shown good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. First, the only country presently designated for removal is Turkey, and she cannot be removed there because she was granted withholding of removal. (Dkt. No. 1-2 at 2). Respondents do not dispute that she cannot be removed to Turkey. Second, although Respondents have reached out to Panama, Costa Rica, and Belize, all three of these countries declined to accept Petitioner, and no other country has been identified in the record as being a possibility for removal.

Respondents argue that Petitioner has failed to meet her burden to show good reason to believe that there is no reasonable likelihood that she will be removed in the near future. In the Fifth Circuit, a petitioner must show more than conclusory statements to establish good reason. *Andrade*, 459 F.3d at 543–44. Other district courts have held that a petitioner meets their burden to show good reason by alleging that they received deferral of removal to their home country and that ICE had not identified a third counsel willing to accept them;[1] by claiming that they had deferral of removal to their home country and that travel documents had not been secured from any third country;[2] or by merely showing that the presumptively reasonable six-month period had expired.[3]

Here, the Court finds that Petitioner cannot be removed to Turkey because the IJ found that she was entitled to withholding of removal. (Dkt. No. 1-2 at 2). Petitioner has shown that she has been detained for longer than the presumptively reasonable period and has alleged that even though more than six months have passed since her removal order was final, "no potential recipient country has been identified, nor has the government determined the likelihood that Ms. Dokuyucu would be tortured in that unnamed country." (Dkt. No. 11 at 8). These facts support her assertion—and go beyond conclusory statements—that she has good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and she has met his burden to establish good reason. *See Chang v. Perez, et al.*, No. 5:25-cv-294, slip op. at 8-9 (S.D. Tex. Feb. 11, 2026); *accord Vargas Istamo v. Perez, et al.*, No. 5:25-cv-186, slip op. at 8 (S.D. Tex. Dec. 19, 2025).

## B. Respondents Fail to Meet Their Burden

Because Petitioner has shown good reason, the burden then shifts to Respondents to "respond with evidence sufficient to rebut [a petitioner's] showing." *Zadvydas*, 533 U.S. at 701. Generalized statements about removal efforts and averments of likelihood of removal alone are insufficient to satisfy respondents' evidentiary burden. *See Chang*, No. 5:25-cv-294, slip op. at 9 (citing *Zamanpour v. Perez*, No. 5:25-cv-224, slip op. at 16 (S.D.

---

[1] *Trejo v. Warden of ERO El Paso East Montana* No. 25-CV-401, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025).

[2] *Baltodano v. Bondi*, No. CV-25-1958, 2025 WL 3484769, at *4 (W.D. Wash. Dec. 4, 2025).

[3] *See, e.g.*, *Iakubov v. Figueroa*, No. CV-25-3187, 2025 WL 2640218, at *2 (D. Ariz. Sep. 15, 2025); *Pham v. Bondi*, No. 2:25-CV-1835, 2025 WL 3122884, at *1 (W.D. Wash. Nov. 7, 2025).

Tex. Dec. 24, 2025)). Here, as in *Zamanpour*, respondents generally alleged that ERO is actively working to secure third country removal for the petitioner. *Cf. id. with* Dkt. 10-2 at 3. Respondents do not allege that any third country has agreed to accept Petitioner's removal and fail to rebut Petitioner's showing of good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

### C. Respondents Are Not Entitled to Summary Judgment

As the movants in a motion for summary judgment, Respondents must show that there is no genuine fact issue and that they are entitled to relief as a matter of law. The record reflects that Petitioner has been detained for over nine months post-final removal order, she cannot be removed to Turkey because she has been granted withholding of removal, and there is no indication of another country willing to accept her removal. Based on the Court's analysis of the reasonableness of Petitioner's detention set forth above, Respondents are not entitled to judgment as a matter of law. Therefore, Respondents' motion for summary judgment is denied.

### D. Petitioner Is Entitled to Release

The Court finds that Petitioner's continued detention violates due process because there is no significant likelihood of removal in the reasonably foreseeable future. For that reason, the Court determines that she is entitled to relief on the indefinite detention claims in her habeas petition. Because the Court finds that there is no significant likelihood of removal in the reasonably foreseeable future, Petitioner must be released. *Zadvydas*, 533 U.S. 701 (holding that a noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future"). The Court orders her release subject to the conditions set forth below.

### IV.     CONCLUSION

For the foregoing reasons, Respondents' Response to Petitioner's Writ of Habeas Corpus and Motion to Dismiss and, Alternatively, Motion for Summary Judgment, (Dkt. No. 10), is **DENIED**.

Petitioner's Petition for a Writ of Habeas Corpus, (Dkt. No. 1), is **GRANTED in part and STAYED in part**.

The Court **ORDERS** Respondents to release Petitioner by **May 14, 2026, at 5:00 p.m.** Respondents must notify her counsel of the exact time and location of release no less than two hours before her release.

The Court **ORDERS** that Petitioner cannot be re-detained without a hearing before this Court to determine whether there has been a material change in circumstances; and she may only be subject to detention if there is a material change in circumstances.

The Court **AMENDS** the 5-day notice provision from the Court's January 26 Order, (Dkt. No. 3). Respondents are **ORDERED** to notify Petitioner and the Court of any anticipated or planned transfer or removal of Petitioner outside of the Southern District of Texas at least seven (7) days before any such transfer. No later than **May 21, 2026 at 5:00 p.m.**, the parties shall provide the Court with a status update concerning Petitioner's release. The parties should also notify the Court of the conditions, if any, of her release.

It is so **ORDERED**.

**SIGNED** on May 12, 2026.

John A. Kazen
United States District Judge